UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL R. SCHRAMM and LITTLE KIDS, INC., Plaintiffs | : | |
| v. | : | CA 08 130 C.A. No. |
| TOY INVESTMENTS INC. d/b/a TOYSMITH, THE TOYSMITH GROUP Defendant | : | Jury Trial Demanded |

COMPLAINT

Plaintiffs, Michael R. Schramm ("Schramm") and Little Kids, Inc. ("Little Kids"), for their Complaint against Defendant Toy Investments Inc. d/b/a Toysmith, and as The Toysmith Group ("Toysmith" or "Defendant") allege as follows:

Nature of the Action

1. This civil action is for infringement by Toysmith of Schramm's United States Letters Patent No. RE 39,443 (the "'443 Patent"). This civil action arises under the patent laws of the United States, 35 U.S.C. §§ 271 et seq. and under 28 U.S.C. § 2201 et seq.

Parties

2. Schramm is an individual residing at 350 West 2000 South, Perry, Utah 84302 and is the inventor of a number of innovative bubble toys.

3. Little Kids is a Rhode Island corporation with a principal place of business located at 225 Chapman Street, Suite 202, Providence, Rhode Island 02905. Little Kids is a citizen only of the State of Rhode Island. Over the past 19 years, Little Kids has grown from a start-up company with no sales, to a company with a principal place of business in Providence, a

Cranston warehouse, a workforce of more than 40 employees, and relationships with manufacturers, assemblers, product development firms and service providers who employ hundreds of people in Rhode Island for whom Little Kids is a significant account.

4. Plaintiffs are informed and believe that Defendant Toysmith is a Washington corporation with its principal place of business located at 5110 Frontage Road, Auburn, Washington 98001, and is a citizen only of the State of Washington.

## Jurisdiction And Venue

5. This Honorable Court has original and exclusive subject matter jurisdiction under 28 U.S.C. § 1338(a) because this action arises under the Patent Act. Jurisdiction also is conferred by 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States.

6. Plaintiffs are informed and believe that this Court may properly exercise its in personam jurisdiction over the Defendant because Defendant does business in the State of Rhode Island and has sufficient minimum contacts with Rhode Island. Plaintiffs are informed and believe that Defendant sells to retailers in Rhode Island, knowing its products would be sold in Rhode Island. Plaintiffs are informed and believe that Defendant has contracted with a sales agent to represent Defendant in Rhode Island, and that Defendant encourages Rhode Island businesses to purchase product from Defendant through that agent. Little Kids has purchased infringing product in the State of Rhode Island.

7. Venue is proper in Rhode Island pursuant to 28 U.S.C. §§§ 1391(b) & (c) and 1400(b).

## Background

8. Schramm is the sole owner of the '443 Patent. The '443 Patent was duly and legally issued by the United States Patent and Trademark Office to Schramm. The '443 Patent is

a reissue of United States Patent Number 5,908,057, owned by Schramm. A copy of the '443 Patent is attached hereto as Exhibit A.

9. Schramm and Little Kids entered into a license agreement concerning the '443 Patent dated and effective as of January 29, 2007, and the agreement remains in full force and effect.

10. Schramm and Little Kids have the exclusive right to exclude others and to recover damages for infringement of the claims of the '443 Patent.

11. Plaintiffs are informed and believe that Toysmith has made sales of infringing products and intends to continue to make sales of infringing products.

12. As a direct and proximate result of Toysmith's acts of infringement and other violations of the law, Plaintiffs have suffered damages.

13. As a direct and proximate result of Toysmith's acts of infringement and other violations of the law, Plaintiffs have suffered and continue to suffer irreparable harm for which there is no adequate remedy at law.

## COUNT I

(Violation of Patent Act as to the '443 Patent)

14. Plaintiffs reallege and incorporate by this reference paragraphs 1 through 13 of this Complaint.

15. Defendant has infringed and is infringing, has induced and is inducing others to infringe, or has contributed and is contributing to the infringement by others of the '443 Patent, by making, using, offering for sale, or selling, throughout the United States, products that infringe the claims of the '443 Patent, and will continue to do so unless enjoined by this Court. Plaintiffs are informed and believe that the infringing products as to the '443 Patent include

bubble toys marketed and sold by Defendant under Defendant's product number 7726, SKU No. 7726 085761 07606 8.

16. As a direct and proximate consequence of the acts and practices alleged, Plaintiffs have been, are being and, unless such acts and practices are enjoined by the Court, will continue to be injured in their respective business and property rights, and have suffered, are suffering, and will continue to suffer injury and damages, for which Plaintiffs are entitled to relief under 35 U.S.C. § 284.

17. By reason of the acts and practices alleged herein, Defendant has caused, is causing and, unless such acts and practices are enjoined by the Court, will continue to cause immediate and irreparable harm to Plaintiffs for which they have no adequate remedy at law, and for which they are entitled to injunctive relief under 35 U.S.C. § 283.

WHEREFORE, Plaintiffs pray for judgment in its favor and against the Defendant:

(1) for all remedies available under the Patent Act, including those under 35 U.S.C. §§ 283, 284 & 285;

(2) for a preliminary and a permanent injunction prohibiting Defendant from infringing the '443 Patent;

(3) for a preliminary and a permanent injunction prohibiting Defendant from making, offering for sale, or selling its infringing goods;

(4) for a preliminary and a permanent injunction ordering Defendant to recall and remove from places of sale the infringing goods;

(5) for an order impounding the infringing goods;

(6) for a preliminary, and a permanent injunction ordering Defendant to deliver upon oath the infringing goods;

(7) for an accounting for all profits derived by the Defendant on the manufacture and sale of the infringing goods;

(8) for an award of compensatory damages;

(9) for an award of costs and attorney's fees; and

(10) for such other relief as the Court deems just.

Plaintiffs,

MICHAEL R. SCHRAMM and
LITTLE KIDS, INC.

/s/ Robert D. Fine

Robert D. Fine (# 2447)
Douglas J. Emanuel (#5176)
Chace Ruttenberg & Freedman, LLP
One Park Row, Suite 300
Providence, RI 02903
Tel: (401) 453-6400
Fax: (401) 453-6411

JURY TRIAL DEMANDED

/s/ Robert D. Fine

Robert D. Fine (#2447)

Dated: April 11, 2008